### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

MARLISHA GARNER,

        **Plaintiff,**                      **Case No. 2:26-cv-421**

        **v.**                            **Chief Judge Sarah D. Morrison**
                                            **Magistrate Judge Kimberly A. Jolson**

SOUTH 20TH PROPERTY LLC, *et al.*,

        **Defendants.**

### ORDER AND REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Amended Complaint. (Doc. 9). The Court previously granted Plaintiff leave to proceed *in forma pauperis*, screened her Complaint under 28 U.S.C. § 1915(e)(2), and recommended dismissal of her case. (Doc. 8). A week later, Plaintiff filed a document titled "objection reconsideration" and her Amended Complaint. (Docs. 9, 10). Considering the liberal policy in favor of granting amendments under Federal Rule of Civil Procedure 15, the Court **RETRACTS** the May 21 Report and Recommendation (Doc. 8) and considers the Amended Complaint (Doc. 9) as the operative Complaint. *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004). Plaintiff, however, is cautioned that she will not be given unlimited opportunities to amend her complaint. *See Kanu v. Siemens PLM*, No. 1:18-CV-38, 2019 WL 1090398, at *2 (S.D. Ohio Mar. 8, 2019), *report and recommendation adopted*, No. 1:18-CV-38, 2019 WL 4110434 (S.D. Ohio Aug. 29, 2019) ("[J]ustice simply does not require this Court to permit a pro se plaintiff unlimited opportunities to amend [her] complaint, in hopes of eventually stating some claim.").

Now, after conducting the required screen of the Amended Complaint, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Amended Complaint. (Doc. 9).

## I.      STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Amended Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys.  *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).  But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented."  *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).  At bottom, "basic pleading essentials" are still required, regardless of whether an individual proceeds *pro se*.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

These essentials are not onerous or overly burdensome.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). In reviewing Plaintiff's Complaint at this stage, the Court must construe it in her favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although this standard does not require "detailed factual allegations, . . . [a] pleading that offers labels and conclusions" is insufficient.  *Id.* at 678 (internal quotation and quotation marks removed).  In the end, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement."  *Id.* (internal quotation and quotation marks omitted).

Courts also "understand § 1915(e)(2) to include screening for lack of subject matter jurisdiction." *Howard v. Good Samaritan Hospital*, No. 1:21-cv-160, 2022 WL 92462, at *2 (S.D. Ohio Jan. 10, 2022). Indeed, courts are obligated to consider whether they have subject matter jurisdiction and may raise jurisdictional issues *sua sponte*. *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 268 (6th Cir. 2007). If a court finds that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

## II. DISCUSSION

The Undersigned previously recommended dismissal of Plaintiff's Complaint because nothing in it allowed the Undersigned to infer that she raised a claim under the U.S. Constitution or a federal law, and because it failed to state a claim upon which relief could be granted. (Doc. 8 at 3). Plaintiff's Amended Complaint does not address these issues.

Plaintiff did not amend the body of her Complaint beyond fixing typographical errors. (Doc. 9 at 3–4). Instead, she only attached additional exhibits, including copies of Franklin County Municipal Court Orders and Entries, a rental agreement, a document titled "Housing Choice Voucher Program" with handwritten notes, and what appears to be a screenshot from "entportal.com" of a ledger, also with handwritten notes. (*See generally*, Doc. 9-1).

The additional exhibits still do not allow the Undersigned to infer that she raises a claim under the U.S. Constitution or a federal law. As in her original Complaint, Plaintiff does not cite any federal law, nor does she allege she meets the requirements for diversity jurisdiction. (*Id.*; Doc. 7-1). Accordingly, the Undersigned cannot see how the Court could exercise jurisdiction over this case. Even more, Plaintiff's exhibits do not shed light on the factual and legal grounds underlying her claims. *See Twombly*, 550 U.S. at 555 (requiring a complaint "give the defendant fair notice of what the claim is and the grounds upon which it rests" (citation modified)); Fed. R. Civ. P. 8(a)(2) (saying a complaint must contain "a short and plain statement showing that the

3

pleader is entitled to relief").  In simpler terms, Plaintiff still fails to state, with enough detail, the facts in support of those claims (what happened), the specific actions of each Defendant (the persons who caused harm or injury and what they did or failed to do), and the relief requested (what Plaintiff wants the Court to do).

For all these reasons, Plaintiff's Complaint should be dismissed.

### III.     CONCLUSION

For the foregoing reasons, after conducting an initial screen of the Amended Complaint under 28 U.S.C. § 1915(e)(2), the Undersigned **RECOMMENDS** that it be **DISMISSED**.

Date: June 3, 2026                                  /s/Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE


**<u>PROCEDURE ON OBJECTIONS</u>**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made.  Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a forfeiture of the right to have the district judge review the Report and Recommendation *de novo* and in a forfeiture of the right to appeal the decision of the District

Court adopting the Report and Recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).